# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| GARY STEPHENS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 5:16-CV-00117-RWS |
| | § | |
| v. | § | |
| | § | |
| REGINA LYNCH et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Gary Stephens, a prisoner of the Arkansas Department of Corrections who is confined in the Bowie County Correctional Center, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. Docket No. 1. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. In his Complaint, Plaintiff names as defendants Nurse Regina Lynch, Dr. Jagdish Shah and individuals identified as "John Doe, Medical Staff," and "Jane Doe, Medical Staff." *Id.* at 1. No other identifying information has been provided for John Doe and Jane Doe. *Id.* at 1–2.

### I.     Background

Plaintiff complains of deliberate indifference to his serious medical needs. He stated he broke his hand playing sports on March 29, 2016, but it took over two weeks to be seen at the hospital on April 14. Docket No. 1 at 2–3. Plaintiff stated the doctor told him it was too late to put a cast on his hand but if he had been seen in three or four days, he would have been alright.

*Id.* at 3. Plaintiff stated "the bone has already started to heal poking up from my hand" and for his hand not to be permanently disfigured, the doctor would have had to re-break his hand and put pins in it. *Id.*

Plaintiff filed a Step One grievance concerning the incident on April 15, 2016. Docket No. 1-1 at 3. The response, signed by Nurse Lynch, traced the timeline and stated there was no denial of treatment. *Id.* at 2. He filed a grievance appeal and the response, signed by Dr. Rory Griffin of the Arkansas Department of Corrections Medical Department, reads in pertinent part as follows:

> March 30, 2016, Nurse Lynch noted swelling and redness to your hand, and that [sic] Dr. Shah ordered an X-ray and Tylenol for pain. March 31, 2016, the X-ray was completed and showed a fracture in your hand. April 1, 2016, Dr. Shah reviewed the X-ray results, and submitted a routine ortho consult, and noted that you needed to be seen ASAP. April 4, 2016, Dr. Floss, Assistant Regional Medical Director, approved the consult. April 8, 2016, Nurse Lynch updated the consult with the appointment date. April 14, 2016, you were seen by ortho. It is the site's medical department's responsibility to schedule outside appointments.
>
> Due to you not being seen ASAP as per Dr. Shah, this appeal is with merit.

*Id.* at 1.

### II. Nurse Lynch's Motion for Summary Judgment

Nurse Regina Lynch filed a motion for summary judgment (Docket No. 23), which included an affidavit and medical records as evidence. This evidence showed Plaintiff injured his hand on March 29 and filed a sick call request which was received on March 30. Docket No. 23-2 at 6. His hand was X-rayed on March 31 and Dr. Shah signed off on the X-ray to refer Plaintiff to an orthopedist on April 1. *Id.* at 4–5.

A request for approval to refer Plaintiff to the orthopedist was sent to the Arkansas Department of Corrections on April 1, 2017. *Id.* at 3. The Bowie County Correctional Center

medical staff contacted a local multi-specialty physician group practice called Collom and Carney Clinic.

On April 6, Collum and Carney Clinic requested insurance information and a copy of Plaintiff's X-ray. Docket No. 1-1 at 1. On April 8, the clinic scheduled an appointment for Plaintiff on April 14 with Dr. Gregory Smolarz, M.D.[1] *Id.*

At the appointment, Dr. Smolarz observed Plaintiff had previous X-rays showing a mildly displaced metacarpal head fracture. Docket No. 23-2 at 20–22. The exam showed Plaintiff was very tender of the end of the left fifth metacarpal, but had full range of motion in his fingers. *Id.* at 20. There was mild swelling but no effusion and his distal neurovascular status was intact. *Id.* Dr. Smolarz recommended no immobilization, but stated Plaintiff should buddy tape his fingers for about two weeks. *Id.* at 22.

Plaintiff did not file a response to Defendant's motion for summary judgment.

### III. The Report of the Magistrate Judge

After review of the pleadings and the summary-judgment evidence, the Magistrate Judge issued a Report recommending Nurse Lynch's motion for summary judgment be granted. Docket No. 25. The Magistrate Judge stated a total of 16 days elapsed between Plaintiff's injury on March 29 and his visit to the orthopedist on April 14. *Id.* at 7. During these 16 days, the Bowie County Correctional Center medical staff X-rayed Plaintiff's hand, sought and obtained permission from the Arkansas Department of Corrections to send Plaintiff to an orthopedist, contacted a local clinic for an appointment with an orthopedic specialist, and transported Plaintiff to his appointment. *Id.* at 7–8. The Magistrate Judge concluded these actions plainly showed the

---

[1] The Texas Board of Medical Examiners shows Dr. Smolarz is board-certified by the American Board of Orthopedic Surgery. *See* http://reg.tmb.state.tx.us/OnLineVerif/Phys_Report Verif_new.asp.

Bowie County Correctional Center medical staff was not deliberately indifferent to Plaintiff's serious medical needs. *Id.* at 8.

The Magistrate Judge further stated 11 of the 16 days between the injury and the medical appointment could be attributed to factors outside the control of the medical staff. *Id.* The Magistrate Judge explained that it took three days to obtain approval from the Arkansas Department of Corrections for the appointment, two days for the clinic to assign a doctor, and six days between the date the appointment was made and the date it was kept. *Id.* The Magistrate Judge determined Plaintiff failed to show Nurse Lynch or any other member of the Bowie County Correctional Center medical staff refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct clearly evincing wanton disregard for Plaintiff's serious medical needs. *Id. See Domino v. TDCJ-ID*, 239 F.3d 752, 756 (5th Cir. 2001).

After determining Nurse Lynch was entitled to qualified immunity, the Magistrate Judge stated parties not joining in a successful motion for summary judgment are entitled to benefit from that motion. *Id.* at 9 (citing *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001)). In this case, the Magistrate Judge concluded the summary-judgment evidence showed no member of the Bowie County Correctional Center medical staff demonstrated deliberate indifference to Plaintiff's serious medical needs. *Id.* at 10. Accordingly, the Magistrate Judge recommended dismissal of the claims against Dr. Shah and the two unknown defendants as well. *Id.*

IV. **Plaintiff's Objections to the Report**

Plaintiff filed objections to the Magistrate Judge's Report. Docket No. 28. Plaintiff objects on four bases:

> 1. This has been a systematic show of neglect from the failure to take responsibility by Regina Lynch (nurse), of refusing to treat an emergency

situation as an emergency situation, all the way to the overlooking that the Arkansas Deputy Director Griffin's agreement that I should have been seen ASAP as per Dr. Shah, and it was this site's responsibility, down to the motion for summary judgment.

2. The Plaintiff wishes to address that he is *pro se*, and representing himself, did not know he was able to request an outside doctor for a second opinion.

3. The Plaintiff objects to the idea that it was out of the medical staff's or Regina Lynch's control during the 11 out of 16 days in the delay of treatment. That it shows more of the systematic neglect and failure to see the responsibility in the case of an emergency. And again points to the Arkansas Deputy Director Griffin in agreement that the Plaintiff should have been seen ASAP.

4. The Plaintiff adds that not only in being *pro se*, he is an Arkansas inmate in a Texas court. The Plaintiff understands he will not receive the best medical care money can buy, but in an emergency situation, paperwork and guidelines could be followed as needed in an emergency. Nurse Regina Lynch is notorious in the courts for her medical neglect cases. She has been in the news for it. It is why she no longer works at this facility. Regina Lynch took the obligation to work here as a nurse. My case isn't as serious as the neglect cases against her resulting in death. But it is still a serious case that has merit.

*Id.* at 1–2.

V.  **Discussion**

The Magistrate Judge correctly stated deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by medical personnel or by guards in intentionally denying or delaying access to medical care. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). Deliberate indifference is an extremely high standard, normally requiring the plaintiff to show the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino*, 239 F.3d at 756. Negligence, complaints of unsuccessful treatment, and disagreement with the treatment provided are not sufficient to set out

claims of deliberate indifference. *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997).

The fact Dr. Griffin determined Plaintiff's grievance appeal had merit does not show Plaintiff was subjected to a constitutional violation. Even if the finding of merit to the grievance appeal meant the Bowie County Correctional Center medical staff did not follow proper rules and regulations, the Fifth Circuit has explained a jail official's failure to follow the jail's policies and procedures is not a constitutional violation. *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). The relevant standard in this case is the constitutional standard of deliberate indifference and not a determination by Arkansas state officials as to the merits of a prisoner's grievance.

When the constitutional standard of deliberate indifference is applied, the Magistrate Judge was plainly correct in concluding Plaintiff failed to set out a constitutional violation. His injury was promptly seen and an x-ray was conducted. The Arkansas Department of Corrections was then contacted for approval to take Plaintiff to an orthopedic specialist. Approval was received and a local clinic was contacted. The clinic scheduled an appointment and Plaintiff was taken to see the doctor only 16 days after his injury. Bowie County Correctional Center did not exhibit a "systematic show of neglect," and the medical staff acted with reasonable speed and diligence in obtaining medical care for Plaintiff.

Of the 16 days between the injury and the date of the appointment with Dr. Smolarz, the Magistrate Judge properly determined 11 of these 16 days were not attributable to the Bowie County Correctional Center medical staff. No appointment with the orthopedist could have been scheduled before approval was received from Arkansas, and the jail medical staff had no control over the scheduling of the appointment done by the clinic. The summary judgment evidence

shows the Bowie County Correctional Center medical staff was not deliberately indifferent to Plaintiff's serious medical needs. Plaintiff's claims regarding Nurse Lynch purportedly being notorious do not show she was deliberately indifferent to his serious medical needs. Plaintiff did not object to the Magistrate Judge's determination concerning Nurse Lynch's motion for summary judgment operating to the benefit of the non-moving parties. His objections to the Magistrate Judge's Report are without merit.

VI. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** the Plaintiff's objections are overruled and the Report of the Magistrate Judge (Docket No. 25) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the Defendant Regina Lynch's motion for summary judgment (Docket No. 23) is **GRANTED** and the claims against Nurse Lynch are **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** the claims against the remaining Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. Finally, it is

**ORDERED** any and all motions which may be pending in this civil action are hereby **DENIED**.

**SIGNED this 13th day of December, 2017.**

                                                    ROBERT W. SCHROEDER III
                                                  UNITED STATES DISTRICT JUDGE